IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI, CENTRAL DIVISION

| | |
|---|---|
| **MARTIN J. WALSH,**<br>**SECRETARY OF LABOR,**<br>**UNITED STATES DEPARTMENT**<br>**OF LABOR,**<br>              *Plaintiff,*<br>   v.<br>**MOW-IT-ALLS, LLC, and CAMERON**<br>**PHILLIPS and JAMES TYRER, individually,**<br>              *Defendants.* | Civil Action No. 2:22-cv-4151<br><br>**COMPLAINT** |

# COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq*. ("FLSA" or the "Act"), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain Defendants Mow-It-Alls, LLC, Cameron Phillips, and James Tyrer (collectively, "Defendants") from violating Sections 206, 207, 211, and 215(a)(2) of the Act and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c), for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from July 13, 2019, through July 12, 2021 ("Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c), 217, as well as by 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this District.

3. Pursuant to Western District of Missouri Local Rule 3.2(b), because a substantial part of the underlying events herein occurred within Boone, Callaway, and Cole counties, the appropriate civil divisional venue is the Federal Court in Jefferson City, Missouri.

## DEFENDANTS

4. Defendant Mow-It-Alls, LLC ("MIA") is a Missouri limited liability company within this Court's jurisdiction, with its headquarters and principal place of business located at 8805 S. Tom Bass Road, Columbia, Missouri 65201.

5. MIA provides lawn maintenance and landscaping services to residential and commercial establishments in and around Columbia, Missouri.

6. MIA employed employees who worked as groundskeepers and landscapers.

7. Defendants Cameron Phillips and James Tyrer have actively managed and supervised MIA's operations and employees, from October 2014 through the present. Specifically, Phillips and Tyrer have hired and fired employees and decided where, how long, and for what rates employees worked for MIA.

8. Phillips and Tyrer have acted directly or indirectly in MIA's interests with respect to its employees and are therefore "employers" under the FLSA. 29 U.S.C. § 203(d).

9. During that time, Defendants engaged in business in Boone, Callway, and Cole counties, within this Court's jurisdiction.

## THE FLSA APPLIES TO DEFENDANTS

10. MIA is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

11. MIA is an "enterprise engaged in commerce" under the FLSA, because it had both: (i) more than two (2) employees who engaged in, or produced goods for, commerce; and (ii) an annual dollar volume greater than $500,000 for years 2019, 2020, and 2021. 29 U.S.C. § 215(a)(2).

## DEFENDANTS' FLSA VIOLATIONS

12. Defendants repeatedly violated Sections 2016 and 215(a)(2) of the FLSA when they failed to pay an hourly rate of pay sufficient to compensate all hours worked at a minimum rate of $7.25 per hour. § 206(a)(1)(C); § 215(a)(2).

13. Defendants also repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rate for hours worked in excess of 40 in a workweek. Specifically, Defendants violated Section 207 of the FLSA when they paid workers, in cash, for hours worked in excess of 40 in any given workweek, at an hourly rate less than their straight time rate. § 207(a)(1); § 215(a)(2).

14. Defendants violated Section 207 of the FLSA when they paid workers, in cash, for hours worked in excess of 40 in any given workweek, at an hourly rate less than their straight time rate.

15. Sections 211 and 215 of the FLSA require employers to make, keep, and preserve adequate and accurate records under 29 C.F.R. Part 516. *See* § 211(c); § 215(a)(5).

16. Defendants violated Sections 211 and 215 of the FLSA by failing to make, keep, and preserve adequate and accurate time records regarding their employees. Specifically, when they withheld and refused to produce time records, upon request.

### REMEDIES SOUGHT

17. As a result of their FLSA violations, Defendants owe the employees listed in **Exhibit A** back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

18. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees who identities the Secretary does not currently know.

19. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

20. Moreover, Defendants repeatedly and willfully violated Sections 206, 207, 211, and 215(a)(2) of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

21. Specifically, Defendants acted willfully when they withheld and failed to produce upon request time records for individuals identified in **Exhibit A**, failed to pay at least $7.25 per hour for every hour worked by an eligible employee, and paid hours worked in excess of 40 in a given workweek, in cash, at an hourly rate below the associated straight time rate.

22. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wage and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

**PRAYER FOR RELIEF**

As a result of Defendants' willful FLSA violations, the Secretary respectfully requests this Court enter an Order:

a. Permanently enjoining and restraining Defendants from continuing to withhold employees' unpaid minimum wage and overtime compensation, which the Courts find due under the FLSA. 29 U.S.C. § 217(a);

b. Permanently enjoining and restraining Defendants from violating Section 206, 207, 211, and 215 of the FLSA. 29 U.S.C. § 217(a);

c. Finding Defendants liable for unpaid minimum wages and overtime wages, plus equal amounts in liquidated damages, owing to Defendants' employees listed in **Exhibit A** for the Investigation Period, as well as to other of Defendants' employees not yet known to the Secretary 29 U.S.C. § 216(c);

d. Pursuant to Section 216(c) of the Act, finding Defendants liable for unpaid minimum wages and overtime wages, plus liquidated damages, owing to Defendants' employees listed in **Exhibit A** for violations occurring after the Investigation Period, as well as to other of Defendants' employees who may be presently unknown to the Secretary and who are owed unpaid wages for the Investigation Period and violations occurring thereafter;

e. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding all wages found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

f. Finding Defendants *willfully* violated Sections 206, 207, 211, and 215 of the FLSA under 29 U.S.C. § 255(a);

g. Compelling Defendants to produce the time records, which they have withheld and refused to produce, even upon request;

h. Providing such other relief as this Court deems just and appropriate; and

i. Awarding costs.

**Dated: October 20, 2022**

| | |
|---|---|
| **SEEMA NANDA**<br>Solicitor of Labor | /s/ Boyce N. Richardson<br>**BOYCE N. RICHARDSON**<br>Attorney (Mo. Bar No. 62509) |
| **CHRISTINE Z. HERI**<br>Regional Solicitor | OFFICE OF THE SOLICITOR<br>U.S. DEPARTMENT OF LABOR<br>2300 Main Street \| Suite 10100<br>Kansas City, MO 64108<br>(816) 285-7270 (Direct)<br>(816) 285-7287 (Fax)<br>Richardson.Boyce.N@dol.gov<br>sol.kc.docket@dol.gov |
| **EVERT H. VANWIJK**<br>Associate Regional Solicitor | |
| | *Attorneys for **Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*** |

**Exhibit A**

| | |
|---|---|
| Botkins, Corey | Roberts, Austin |
| Boyer, Phillip | Sanchez Mestiza, Omar |
| Bundy, Jayson | Seymour, Hayden |
| Drayton, Jr., Melvin | Stokes, Christina |
| Fulton, Tracy | Stuart, James |
| Huerta Guzman, Jaime | Thompson, Antar |
| Islas Rojas, Moises | Thompson, Blaine |
| Jimemez Perez, Edilberto | Twyman, Gerald |
| Luxem, Matthew | Tyberg, Kenneth |
| Marcial Perez, Juan Carlos | Vaughn, Seth |
| Martinez Cisneros, Miguel | Viera Ayala, Gonzalo |
| Peal, J'Sheree | Winter, Clayton |
| Pinon Medina, Jose Guadalupe | |